# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MORLOCK, L.L.C., a Texas Limited Liability Company, § § | | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:12-1798 |
| THE BANK OF NEW YORK MELLON, f/k/a THE BANK OF NEW YORK as successor in interest to JP MORGAN CHASE BANK, N.A., as trustee for STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC., BEAR STEARNS ALT-A TRUST 2005-9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-9, Defendant. | § § § § § § § § § § § § § | |

## **MEMORANDUM AND ORDER**

Plaintiff Morlock, L.L.C., a Texas Limited Liability Company ("Morlock"), brought this suit in the 215th Judicial District Court of Harris County, Texas. Defendant Bank of New York Mellon ("New York Mellon") filed an Answer and subsequently removed the action to this Court.[1] On October 25, 2012, Defendant filed a Rule 12(c) Motion for Judgment on the Pleadings [Doc. # 9] ("Motion"). Plaintiff

---

[1]     Notice of Removal [Doc. # 1].

has not filed a response to the Motion, and the time for doing so has expired.  Having considered the Motion, the applicable legal authorities, and all matters of record, the Court concludes that the Motion should be **granted**.

## I. BACKGROUND

Plaintiff Morlock's Original Petition ("Petition"), filed in state court on March 31, 2012, claims that Morlock is the "owner" of property at 1616 Fountainview Drive, Unit 205, Houston, Texas 77057 (the "Property").[2]  However, the pleadings do not explain the basis for Morlock's claim of ownership.  In fact, the pleadings state that Cheryl Dergins[3] executed and delivered a Deed of Trust regarding the Property on June 23, 2005.  The Deed of Trust identified Houston Capital Mortgage as Dergins' lender ("Lender"), and further provided that Mortgage Electronic Registration System ("MERS"), solely as nominee for the Lender and Lender's successors and assigns, was the beneficiary of the Deed of Trust.[4]  The Petition states that MERS then "allegedly" assigned the deed to Defendant New York Mellon.

Morlock alleges that Defendant posted the Property for sale and that Morlock

---

[2] Plaintiff's Original Petition and Application for Temporary Restraining Order (Exhibit 2 to Notice of Removal [Doc. # 1]) ("Petition").

[3] Plaintiff identifies the borrower as Cheryl "Perkins," but the borrower listed on the Note and Deed of Trust is Cheryl "Dergins."  *See* Note (Exhibit C to Motion); Deed of Trust (Exhibit A to Motion).

[4] Deed of Trust (Exhibit A to Motion).

received no notice of the sale, despite its ownership of the Property. Morlock further alleges that the Deed of Trust and assignment are invalid because MERS was not the holder of the original Note secured by the Deed of Trust, and thus MERS had no authority to endorse the Note and execute the assignment to Defendant. Based upon these allegations, Morlock asserts that Defendant had no right or authority to post the Property for sale. Morlock sues to quiet title and requests attorneys' fees under Section 37.009 of the Texas Civil Practice and Remedies Code.[5]

On June 5, 2012, the state court granted a Temporary Restraining Order that, among other things, enjoined Defendant from taking action to sell the Property on June 5, 2012.[6] On June 14, 2012, Defendant filed an Original Answer and Counterclaim in state court.[7] Like Plaintiff, Defendant seeks attorneys' fees under Section 37.009 of the Texas Civil Practice and Remedies Code. On June 15, 2012, Defendant removed the action to this Court.

## II. RULE 12(C) STANDARD

Defendant moves to dismiss this suit under Rule 12(c), which provides, "After

---

[5] *Id.* at 2-3. *See* TEX. CIV. PRAC. & REM. CODE § 37.009 ("In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just.").

[6] Temporary Restraining Order (Exhibit 3 to Notice of Removal).

[7] Original Answer and Counterclaim (Exhibit 2 to Notice of Removal).

the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[8] The legal standards governing a motion under Rule 12(c) are the same as those governing a motion under Rule 12(b)(6).[9]

Traditionally, courts view with disfavor a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[10] The Supreme Court has explained that in considering a motion to dismiss under Rule 12(b)(6), a complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true.[11] However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[12] The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

---

[8] FED. R. CIV. P. 12(c).

[9] *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007); *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

[10] *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005).

[11] *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Harrington*, 563 F.3d at 147.

[12] *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

on its face.'"[13]  When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to a claim to relief.[14]  This determination of plausibility is a context-specific task that requires the court to draw on its judicial experience and common sense.[15]

In considering a motion to dismiss, a court ordinarily must limit itself to the contents of the pleadings and attachments thereto.[16]  Documents "that a defendant attaches to a motion to dismiss are [also] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."[17]  "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated."[18]  These presumably are documents whose authenticity no party questions.[19]

---

[13] *Id.* (quoting *Twombly*, 550 U.S. at 570); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).

[14] *Iqbal*, 129 S. Ct. at 1950.

[15] *Id.*

[16] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)).

[17] *Id.* at 498-99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).

[18] *Collins*, 224 F.3d at 499.

[19] *See Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008) (continued...)

### III.  ANALYSIS

Plaintiff Morlock brings suit to quiet title on the Property, seeking declaratory and injunctive relief. To recover on a claim to quiet title, a plaintiff must prove that it has superior claim to the property over the defendant.[20] The suit "relies on the invalidity of the defendant's claim to the property" and "exists to enable the holder of the feeblest equity to remove from his way to legal title any ***unlawful hindrance*** having the appearance of better right."[21] However, a plaintiff in a suit to quiet title may not simply rely on the weakness of his adversary's title, but "must prove and recover on the strength of his own title."[22]

Defendant New York Mellon claims that it holds first lien interest in the Property pursuant to the Deed of Trust signed by Cheryl Dergins on June 23, 2005.[23]

---

[19]  (...continued)
(citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)).

[20]  *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012) (citing *Hahn v. Love,* 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009)).

[21]  *Id*. (internal quotation marks and citations omitted) (emphasis added).

[22]  *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001).

[23]  *See* Deed of Trust (Exhibit A to Motion); Note (Exhibit C to Motion). These documents, attached to the motion to dismiss, may properly be considered because they are referred to in the pleadings and are central to the plaintiff's claim. *See Collins*, 224 F.3d at 498-99.

Defendant's Motion attaches an Assignment of Deed of Trust, dated October 4, 2011, by which MERS, as nominee for Dergin's Lender, transferred its interest in the Deed of Trust to Defendant.[24]  Defendant therefore claims that its rights in the Property are superior to those of Morlock.

Plaintiff Morlock has not filed a response to the Motion.  Although the Petition makes a bare, conclusory assertion that Morlock is the "owner" of the Property, the Petition refers to and relies upon the Deed of Trust, which states that MERS is the beneficiary of the Deed.  Plaintiff Morlock makes no factual allegations connecting Morlock to the Property or its financing.  Plaintiff's factual allegations are insufficient under Rule 12(b)(6) and applicable legal authorities to state a claim to quiet title.[25]  Defendant's Motion for Judgment on the Pleadings is granted.

The Court denies Defendant's request for attorneys' fees under Section 37.009 of the Texas Civil Practice and Remedies Code.  Without deciding whether fees are otherwise appropriate under Section 37.009, the Court finds that the affidavit submitted by Defendant does not adequately support its request for $8,848.32 in fees.

## IV.  **CONCLUSION**

---

[24]  Assignment of Deed of Trust (Exhibit B to Motion).  This document also was referenced by the Petition.

[25]  *See Iqbal*, 129 S. Ct. at 1949-50; *Harrington*, 563 F.3d at 147.

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Rule 12(c) Motion for Judgment on the Pleadings [Doc. # 9] is **GRANTED**. It is further

**ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that attorneys' fees under Section 37.009 of the Texas Civil Practice & Remedies Code are **DENIED**.

SIGNED at Houston, Texas, this **27th** day of **November, 2012**.

_____
Nancy F. Atlas
United States District Judge